**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRIDGET YVETTE NEWTON, | ) CASE NO. 1:15-CV-01512 |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) VECCHIARELLI |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Defendant. | |

Plaintiff, Bridget Yvette Newton ("Plaintiff"), challenges the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her applications for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 *et seq.* ("Act").  This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).  For the reasons set forth below, the Commissioner's final decision is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

## I.  PROCEDURAL HISTORY

On June 21, 2011, Plaintiff filed his applications for POD and DIB, alleging a disability onset date of April 23, 2010.  (Transcript ("Tr.") 13.)  The claims were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id.*)  On September 16, 2013, an ALJ held Plaintiff's

hearing.[1] (*Id.*) Plaintiff participated in the hearing, was represented by counsel, and testified. (*Id.*) A vocational expert ("VE") also participated and testified. (*Id.*) On May 30, 2014, the ALJ found Plaintiff not disabled. (Tr. 21.) On July 14, 2015, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1.)

On July 31, 2015, Plaintiff filed her complaint to challenge the Commissioner's final decision. (Doc. No. 1.) The parties have completed briefing in this case. (Doc. Nos. 13, 15, 17.)

Plaintiff asserts the following assignment of error: (1) The ALJ erred in determining that Plaintiff could perform her past relevant work because she failed to make specific findings of fact required by Social Security Ruling ("SSR") 82-62.

## II. EVIDENCE

### A. Personal and Vocational Evidence[2]

Plaintiff was born in August 1963 and was 46-years-old on the alleged disability onset date. (Tr. 75.) She had at least a high school education and can communicate in English. (Tr. 90, 107, 287, 289.) She had past relevant work as an automotive assembler. (Tr. 21.)

---

[1] The ALJ continued the hearing to allow Plaintiff the opportunity to obtain additional medical evidence. The hearing resumed on May 19, 2014. (Tr. 13.)

[2] Plaintiff's sole assignment of error alleges a procedural violation of Social Security Ruling ("SSR") 82-62, 1982 SSR LEXIS 27 (S.S.A. 1982). She does not challenge the ALJ's determination that she did not meet or medically equal a listing or the residual functional capacity determination. As such, the Court foregoes its usual discussion of the medical evidence as it is immaterial to the Plaintiff's argument.

In an undated and unsigned Work History Report, Plaintiff identified assembler at Ford Motor Company as the only job she held in the past 15 years. (Tr. 280-86.) The report states that the assembler position required the use of machines, tools or equipment; required technical knowledge and skills; but did not require writing or completion of reports. (Tr. 281.) Plaintiff indicated that each day she walked 8 hours, stood 8 hours, stooped 4 hours, reached for 8 hours, handled big objects for 8 hours and handled small objects for 8 hours. (*Id.*) She did not indicate that any kneeling, crouching, crawling, sitting, or climbing was performed. (*Id.*) She indicated the heaviest weight she lifted was 50 pounds, but did not indicate how often. (*Id.*) She noted that she lifted 25 pounds frequently. (*Id.*)

In an undated Disability Report that was completed by Craig Sobe, Plaintiff's attorney, it was noted that Plaintiff's job duties as an assembler involved the following "total hours each day:" 8 hours of standing, 8 hours of walking, 4 hours of stooping, 8 hours of reaching, 8 hours of handling large objects, and 8 hours of handling small objects. (Tr. 287-295.) No hours were marked for sitting, climbing, kneeling, crouching, or crawling. (Tr. 290.) The heaviest weight lifted was noted as 50 pounds with 25 pounds lifted frequently. (*Id.*) Plaintiff's job did not involve supervising others. (*Id.*)

On July 11, 2011, Plaintiff completed a Work History Report. (Tr. 312-319.) She identified her past jobs as that of a vehicle assembler between August of 1993 until an illegible date, and as an engine assembler from June 2001 until the present. (Tr. 312.) With respect to the former, she indicated that she spent 6.5 "total hours each day" walking, standing, sitting, stooping, kneeling, crouching, crawling, reaching, handling big

3

objects, and handling small objects.  (Tr. 313.)  She spent zero hours climbing.  (*Id*.)  She indicated that the heaviest weight she lifted was 20 pounds, and that she frequently carried less than 10 pounds.  (*Id*.)  With respect to the engine assembler position, she indicated that "total hours each day," she walked 7 hours, stood 7 hours, sat for 4-5 hours, climbed 2 hours, stooped 7 hours, knelt for 2 hours, crouched for 4 hours, crawled for 6 hours, reached for seven hours, handled big objects for 7 hours, and handled small objects for 7 hours.  (Tr. 314.)  She indicated that the heaviest weight she lifted was 20 pounds, and that she frequently carried less than 10 pounds.  (*Id*.)  She spent 4-5 hours supervising people.  (*Id*.)

**B.    Hearing Testimony**

   **1.    Plaintiff's Hearing Testimony**

At the September 16, 2013 hearing, Plaintiff testified as follows:

- She worked at Ford Motor Company since 1996 and had always performed assembly work.  The first eight years she assembled vehicles and the last eleven years she assembled engines.  (Tr. 56.)

- The engine assembly work, performed over the latter half of her career, involved smaller parts, which weighed less than the parts she lifted during her first eight years on the job.  (Tr. 56.)  The parts she lifted when she first started at Ford weighed five to ten pounds.[3]  (Tr. 56-57.)  Her work required her to stand most of the time.  (Tr. 59.)  The engine assembly required alternating work stations – one hour working on alternators, one hour on air-conditioning units, etc. (Tr. 60.)

- Her disability was caused by a sudden onset of back pain, which she first felt at home while sitting down.  (Tr. 62-64.)  She suffers from sciatica.  (Tr. 65.)   She received injections and oral medication for pain but got tired

---

[3]  Plaintiff did note that she never had a "base job" and was "always all over the place." (Tr. 57.)  Therefore, "nothing was never [sic] consistent on my job until like three years before I got sick."  (*Id*.)  Some of the parts she assembled weighed between five and ten pounds.  (*Id*.)

4

- of the injections so she stopped. (Tr. 65-66.) She uses a TENS unit that seems to help, especially at the end of the day. (Tr. 66.)

- She went back to work despite high blood pressure, which worried supervisors who felt she was a hazard because she could pass out or have a spell. (Tr. 64-65.)

- She has been to the hospital twice for high blood pressure. (Tr. 66.) Her symptoms included severe headaches/migraines, blurred vision, and nausea. (Tr. 66-67.)

- She suffers from painful headaches, not necessarily migraines, at least once a week. (Tr. 67.) In response, she usually lays down and sleeps for two hours until the headache subsides. (*Id*.)

- She continued to experience lower back pain on strenuous days, and the pain spreads into her hips. (Tr. 69.) She takes Tylenol or Motrin. (*Id*.) She was prescribed Vicodin in the past, but that made her woozy and unable to look after her children. (*Id*.)

- She tried physical therapy for a year, which helped. (Tr. 70.) She received epidural injections every four weeks, which did not offer lasting relief, so they were increased to every three weeks in frequency. (*Id*.) She "panicked" when surgery was mentioned to her as an option. (*Id*.)

At the continued hearing held on May 19, 2014, Plaintiff testified as follows:

- Her symptoms, as reported at the previous hearing, remained true. The biggest obstacle to her returning to work was her fluctuating blood pressure. (Tr. 34.) Her medications are effective, but cause nausea. (Tr. 34-37.) Her blood pressure has remained uncontrolled since January 2012. (Tr. 37.)

- Her headaches also prevent her from working, because they cause blurred vision. (Tr. 35.) She is bothered by bright lights and any type of noise. (Tr. 36.)

- She was no longer taking anti-depressants due to side effects. (Tr. 38.)

### 2. **Vocational Expert's Hearing Testimony**

At the September 16, 2013 hearing, the ALJ asked the VE whether it was difficult to determine Plaintiff's job responsibilities based on her testimony. The VE testified that

5

Plaintiff's position, both in the early half of her career at Ford as well as during the latter half, was that of an auto assembler under the Dictionary of Occupational Titles ("DOT") 806.684-010. (Tr. 61-62, 72.) The VE testified that although the assembler position is designated as medium exertional under the DOT, Plaintiff's testimony was consistent with the light exertional level. (Tr. 72.)

At the continued hearing held on May 19, 2014, the ALJ remarked that "at the prior hearing we had, we had a job that we found, one job, it was engine/automobile assembly, medium, SVP: 2, DOT number 806.684-010. And it says performed, my notes say performed at light." (Tr. 33.) The VE stated "I have the same thing, Your Honor." (Tr. 33.)

The ALJ posed the following hypothetical question to the VE:

She's 50 years old now. And this individual can, can engage in light exertion. But all posturals are occasional. Should avoid concentrated exposure to respiratory irritants such as fumes, dust, and poor ventilation. As for mental, there are no limits in understanding, remembering, or carrying out instructions. Can maintain concentration, persistence and pace for simple and detailed instructions. The claimant can maintain concentration, persistence and pace for two hour blocks of time before requiring a break. This is recognizing that the Department of Labor does not mandate employers to give a 15 minute break and so in this case I'm believing that the claimant would require that. Can interact with the general public, coworkers, and supervisors to speak, signal, take instructions, and carry out instructions. Is limited to routine changes in the workplace setting. As you review this hypothetical individual can you tell me whether or not there's any work consistent with the claimant's past work that could still be performed?

(Tr. 40.)

The VE testified that Plaintiff could perform her past relevant work as she performed it, but not as the position is described in the DOT. (Tr. 41.) Plaintiff's counsel had no questions for the VE. (*Id.*)

6

### III. STANDARD FOR DISABILITY

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 404.1505; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process. 20 C.F.R. §§ 404.1520(a)(4); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time he seeks disability benefits. 20 C.F.R. §§ 404.1520(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbot,* 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d). Fourth, if the claimant's impairment does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f). For the fifth and final step, even if the claimant's impairment does

7

prevent him from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

### IV. SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016 (Exhibit 3D).

2. The claimant has not engaged in substantial gainful activity since April 23, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*) (Exhibits 2D, 3D, 5D, 6D, 7D, 11D, 2E, 5E, and 5F).

3. The claimant has the following severe impairments: Degenerative disc disease and asthma (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except all posturals are occasional; avoid concentrated exposure to respiratory irritants such as fumes, dust, poor ventilation, etc. There are no mental limitations.

6. The claimant is capable of performing past relevant work as an automotive assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565) (Exhibits 2D, 3D, 5D, 2E, and 5E).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 23, 2010, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 13-21.)

## V.    LAW & ANALYSIS

### A.    Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id.* However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

### B.    Plaintiff's Assignment of Error: Past Relevant Work

In her sole assignment of error, Plaintiff argues that the ALJ erred at Step Four

9

of the sequential analysis when the ALJ found she could perform her past relevant work as an automotive assembler.  (Doc. No. 13 at pp. 10-13.)  Specifically, Plaintiff contends that the ALJ failed make the specific findings required by Social Security Ruling ("SSR") 82-62, 1982 SSR LEXIS 27 (S.S.A. 1982).[4]  Plaintiff also relies on this Court's finding in *Foxwell v. Astrue*, 2011 WL 4537909 (N.D. Ohio, Jul. 27, 2011) (Vecchiarelli, M.J.) (finding a remand was necessary where the ALJ did not make any findings of fact as to the physical and mental demands of Plaintiff's past relevant work), *adopted by* 2011 WL 4529338 (N.D. Ohio, Sept. 28, 2011) (Carr, J.).

According to the Sixth Circuit Court of Appeals, "Social Security Rulings are binding on all components of the Social Security Administration.  These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*citing* 20 C.F.R. § 402.35(b)(1); *Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.9 (6th Cir. 1989)).

SSR 82-62 explains as follows:

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands  of such work.  Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as

---

[4]  The stated purpose of SSR 82-62 was to "explain the procedures for determining a disability claimant's capacity to do past relevant work ...."  SSR 82-62.

10

generally performed in the economy.

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Sufficient documentation will be obtained to support the decision.  Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work).

\* \* \*

The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.

\* \* \*

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's RFC.

2.   **A finding of fact as to the physical and mental demands of the past job/occupation**.

3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

(Emphasis added).

First, the ALJ determined that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except all posturals are occasional; avoid concentrated exposure to respiratory irritants such as fumes, dust, poor ventilation, etc.  There are no mental limitations."  (Tr. 17.)  Plaintiff's brief does not argue that the RFC was

11

unsupported by substantial evidence or otherwise challenge the ALJ's RFC determination. Rather, Plaintiff contends that her past relevant work as an automobile assembler required more than occasional postural movements, as she was required to stoop, kneel, crouch, and crawl for 6.5 hours in an 8-hour workday. (Doc. No. 13 at p. 12.) In other words, she is not arguing that she is unable to perform occasional postural activities, but rather that her past relevant work, as she actually performed it, was physically more demanding than her abilities as set forth in the RFC, rendering the Step Four finding in conflict with the RFC.[5] (*Id.*) Plaintiff argues that the postural demands of her job were not addressed at the hearing, and she argues that the decision itself failed to make specific findings of fact as to the physical and mental demands of her past work as required by SSR 82-62. (*Id.*)

In her decision, the ALJ addressed Plaintiff's ability to perform her past relevant work as follows:

> Past relevant work refers to a claimant's employment activities performed in the applicable fifteen-year period, at the level of substantial gainful activity, and for a sufficient duration to adequately learn the position. The claimant has past relevant work as an automotive assembler (Dictionary of Occupational Title #806.684-010 and classified by the DOT as medium and unskilled with a specific vocational preparation (S.V.P.) code of 2, but performed at the light exertional level). Based on the vocational expert's testimony, which I accept, and in comparing the claimant's residual functional capacity with the demands of the work as an automotive assembler, I find that the demands of the claimant's past relevant work do not exceed the residual functional capacity. Thus, the claimant is able to perform this work as actually performed (at the light exertional level).

(Tr. 21.)

---

[5] "'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10, 1983 SSR LEXIS 30 (SSR 1983).

12

The Commissioner contends that Plaintiff's argument fails, because the ALJ found that Plaintiff's past work was compatible with light work with occasional postural limitations. (Doc. No. 15 at p. 8.) While the decision does indeed specifically find that Plaintiff's past relevant work was performed at the light exertional level – a finding that is reasonable based on Plaintiff's hearing testimony regarding the amount of weight she lifted (Tr. 56-57), the decision does not expressly identify the postural requirements of Plaintiff's past relevant work. The Commissioner also points out that the VE testified that Plaintiff performed the job at the light exertional level with a specific vocational preparation (SVP) level of 2. (Doc. No. 15 at p. 8, *citing* Tr. 72.) The VE's testimony, however, does not expressly discuss the postural requirements of Plaintiff's past relevant work as she performed it or as generally performed per the DOT and, again, there was no testimony on this issue from claimant. While the VE may have assumed that all the other demands of the position, save for the exertional level, remained unchanged, it was incumbent upon the ALJ to make the specific factual findings as to the physical demands of Plaintiff's past relevant as she performed it.[6] SSR 82-62 cautions that "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." In the present case, the ALJ did not elicit any testimony at the hearing concerning postural demands, nor did the decision

---

[6] Pursuant to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, U.S. Dept. of Labor (1993), the assembler, motor vehicle position, DOT 806.684-010, generally requires no climbing, kneeling, or crawling and only occasional stooping and crouching. Though these requirements do not appear to be inconsistent with ability to *occasionally* perform postural activities as set forth in the RFC, the description is at odds with Plaintiff's self-reports as to the demands of her job.

13

actually state that it was adopting the postural limitations generally associated with the position as described in the DOT rather than Plaintiff's reports.

This case presents similar facts to another case cited by Plaintiff, *Baker v. Astrue*, where the ALJ and the VE, at the hearing, discussed the claimant's general duties, but posed no other questions regarding the demands of that job as Plaintiff actually performed it or the other physical demands or mental demands of the job. 2012 WL 4322607 at **4-5 (N.D. Ohio Sept. 20, 2012) (Limbert, M.J.)  The *Baker* decision further noted that the ALJ presented a hypothetical RFC to the VE, to which the VE responded that such a hypothetical person could perform the claimant's past relevant work as the claimant actually performed it despite no further discussion of the requirements of the claimant's past relevant work. *Id*.  Ultimately, the court in *Baker* remanded the matter because the ALJ failed to comply with the requirements of SSR 82-62 when the ALJ failed to make "the necessary findings of fact as to the physical and mental demands of Plaintiff's past relevant work." *Id*.

The Court acknowledges that this is an extremely close case.[7]  Nonetheless, as in *Baker*, the Court finds that the decision does not contain a clear and complete finding of fact as to the physical demands of Plaintiff's past relevant work as she performed it. While the decision gives every suggestion that the ALJ found Plaintiff's past relevant work, as she performed it, was light exertional *and* required no more than occasional postural movements, the decision is not entirely clear with respect to the latter.  Absent

---

[7] In addition, the Court finds that the Commissioner's opposition in this matter was substantially justified as her position "had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (internal citation and quotation marks omitted).

14

such a clear finding, the Court is unable to review the ALJ's decision.  While the decision's technical failure to comply with the procedural requirements of SSR 82-62 may ultimately be harmless, the Court cannot make that determination given the Plaintiff's description of her past relevant work and the ALJ's failure to make a specific finding.[8]

Plaintiff's sole assignment of error is sustained and the case remanded so that the ALJ can issue a new decision that complies with the requirements of SSR 82-62.

## VI.    CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

**IT IS SO ORDERED**.

                                                s/ *Nancy A. Vecchiarelli*
                                                U.S. Magistrate Judge

Date: July 6, 2016

---

[8] The Court does not find that the ALJ is compelled to credit the Plaintiff's statements regarding the physical demands of her job, and recognizes there are numerous inconsistencies between the statements as well as within the statements themselves.